# Court of Appeals.

June 24, 1898.

## PEOPLE v. ANGELO CARBONE.

APPEAL—COURT OF APPEALS—SECTION 528.

> Court of appeals will exercise the power conferred upon it by section 528 of Criminal Code, in granting a new trial on the ground that justice requires it where the people have failed to prove the fact of the killing of the deceased by the defendant beyond a reasonable doubt, and it appears that another person has, since the conviction of defendant, been convicted of murder in the second degree for the killing of the deceased.

APPEAL from a judgment of the supreme court, rendered December 17, 1897, at a criminal trial term in the county of New York, on a verdict convicting the defendant of the crime of murder in the first degree.

Hal Bell and Ambrose H. Purdy, for appellant.

James D. McClelland and Charles E. Le Barbier, for respondent.

PER CURIAM. The defendant was charged in the indictment with the crime of murder in the first degree, committed upon one Natele Brogno, in the evening of September 12th, 1897, in the city of New York. Upon his arraignment he pleaded not guilty. A trial being had, he was found guilty, as charged in the indictment. upon the verdict of a jury.

The evidence adduced by the People showed that, upon the evening in question, the defendant was first seen pursuing the deceased upon Leonard street, in the direction of Center street. He was seen to strike at the deceased with his fist and the latter fell to the ground upon his face. The defendant then jumped upon his back with his feet, and bending down, again, struck him several times with his clenched hand. Several police officers came up and the defendant was seized. The deceased, being raised from the ground, was seen to have been stabbed

in the abdomen, and to have been cut upon one of his wrists. He died within a very few minutes after the occurrence. Prior to his death upon being asked, in the presence of the defendant, if he was the man who stabbed him, the deceased answered, yes. When further asked what the defendant had stabbed him for, he had already become unconscious and was unable to answer. The defendant was searched, but no weapon was found upon him. · Some time afterwards, however, a small penknife, with an open blade, was found at, or near the spot where the deceased had fallen.    After the deceased had stated that it was the defendant who had stabbed him, the latter was asked why he had done so and he replied, denying the stabbing and denying he had any knife.    The examination of the body of the deceased, made by the ambulance surgeon and by the coroner's physician, who made the autopsy, showed the existence of two incised wounds, one upon the forearm and the other in the abdomen ; the latter of which was the cause of the death.    On the part of the defense a nephew of the defendant, a boy twelve years of age, testified that, upon the evening in question, he saw his uncle fighting with the deceased and using his fists ; that the latter ran away and that, while he was so running, one Alexander Ciarmello, came up with a knife in his hand, appearing to be a stiletto of six or seven inches in length, and, while the deceased was looking back over his shoulder, struck at him twice with the weapon.    The witness said that Ciarmello then put the weapon in his pocket and walked away, and that the deceased, after running some two hundred or three hundred feet further, with the defendant in pursuit, fell down.    The coroner's physician, upon being recalled on behalf of the defense, testified, upon being shown the knife which was picked up at, or near, the place where the deceased fell, that it was absolutely impossible for it to have caused the wound in the abdomen ; that it was too short.

The district attorney states in his brief, and it was admitted by him in open court, with commendable fairness, to be the fact, that, since the trial and conviction of the defendant, Alexander Ciarmello was indicted and arrested for the killing of the deceased, has been tried and convicted of murder in the second

degree upon the charge and has been sentenced to imprisonment for life.

We are satisfied that this is a case where justice requires a new trial and that we should exercise the power conferred upon us for that purpose by section 528 of the Code of Criminal Procedure. While the peculiar situation which is presented moves us to exercise this power, we also think that the case of the People cannot be said to have demonstrated the fact of the killing of the deceased by the defendant beyond a reasonable doubt. That fact and the fact of the death of the person alleged to have been killed are essential to be established by the People upon such an issue; the latter by direct proof and the former beyond a reasonable doubt. Penal Code, sec. 181. None of the witnesses for the People saw a knife, or any weapon, in the hands of the defendant and none was found as the result of a search upon his person ; while the small knife, which was found upon the spot, could not possibly have inflicted the wound, according to the testimony of the People's witness, the coroner's physician, who performed the autopsy. There was nothing in the evidence adduced on behalf of the prosecution, showing what had occurred prior to the moment when the deceased was seen running in Leonard street pursued by the defendant, and while, from the statement of the deceased and the other circumstances, an inference was possible that he had come to his death by a wound intentionally inflicted by the defendant, yet the evidence is not of such a nature as to preclude us from holding that it was lacking in conclusiveness. Therefore, under the circumstances and in view of the admission of the district attorney, we think that the case is one for the exercise of our power to order a new trial and that it is required in the interest of justice.

The judgment of conviction should be reversed and a new trial ordered.

All concur, except O'BRIEN, J., absent.

Judgment reversed, etc.